IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA DIXON, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) THE WASHINGTON AND JANE SMITH COMMUNITY – BEVERLY, an Illinois Not-For-Profit Corporation d/b/a SMITH SENIOR LIVING, SMITH CROSSING, and SMITH VILLAGE, KEVIN McGEE, MARTI JATIS, and KRONOS, INC. ) ) ) ) ) ) ) ) ) Defendants. | Case No. 17-cv-08033  Hon. Matthew F. Kennelly |

## PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF REMAND TO STATE COURT

Plaintiff Cynthia Dixon originally filed her putative class action pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, and individual claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collections Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, in Illinois state court. But for the jurisdictional machinations of Defendants The Washington and Jane Smith Community – Beverly, d/b/a Smith Senior Living, Smith Crossing, and Smith Village (collectively referred to as "Smith"), Kevin McGee ("McGee"), Marti Jatis ("Jatis"), and Kronos, Inc. ("Kronos) (collectively, "Defendants") – claiming federal jurisdiction for removal and then effectively disclaiming that federal jurisdiction for the purposes of their Motions to Dismiss (*see* Plaintiff's Response in Opposition to Defendants' Rule 12(b)(6) Motions to Dismiss, Dkt. No. 26) – this case would have remained in state court, where it belongs, saving the parties and this Court the time and expense of litigating Plaintiff's Motion for Remand and Defendants' Motions to Dismiss. For

the reasons discussed below, Plaintiff hereby moves this Court for an Order remanding this case to the Circuit Court of Cook County; awarding Plaintiff attorneys' fees and costs associated with Defendants' improper removal of this case; and denying Defendants' Motions to Dismiss (Dkt. Nos. 16, 19) as moot. *See Barnes v. Aryzta, LLC*, No. 17-cv-07358, Doc. 39 (N.D. Ill. Dec. 20, 2017) (attached hereto as Exhibit 1); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (Bucklo, J.).

## I. PROCEDURAL HISTORY

Plaintiff filed her Class Action Complaint in the Circuit Court of Cook County on September 28, 2017. In her Complaint, Plaintiff alleged that Defendants invade her privacy by unlawfully collecting, using, storing, and disseminating her biometric information (*i.e.,* fingerprints) in violation of BIPA. (Dkt. No. 1, Ex. A). Plaintiff also alleged individual claims against Smith, McGee, and Jatis under the IMWL, IWPCA, and Illinois common law. *Id*.

On November 6, 2017, Defendants filed a Notice of Removal in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1446. Specifically, Defendants claim this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Dkt. No. 1). On December 11, 2017, Defendants filed Motions to Dismiss. (Dkt. Nos. 16, 19). In their Motions, Defendants primarily claim that Plaintiff failed to state a claim under BIPA because she alleged no actual injury or damages. *See generally* Dkt. Nos. 17, 20.

## II. ARGUMENT

### A.  This Case Should Be Remanded To State Court.

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009);

*see also Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013). This burden includes establishing subject-matter jurisdiction and Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing the elements [of Article III standing]"). Accordingly, if the removing party refuses to establish the Court's subject-matter jurisdiction after removal – including the required showing that the plaintiff has Article III standing – then the case ***must*** be remanded. *See Barnes*, No. 17-cv-07358, Doc. 39 (N.D. Ill. Dec. 20, 2017) (attached hereto as Exhibit 1); *Mocek*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (Bucklo, J.).

Here, shortly after removal, Defendants abandoned their burden of proof and affirmatively disclaimed federal jurisdiction by claiming that Plaintiff has not alleged an injury-in-fact. Dkt. Nos. 17, 20. Defendants' arguments in their motions, though ostensibly aimed at the meaning of "aggrieved" in BIPA, directly question whether Plaintiff has alleged a "cognizable injury." Dkt. No. 20 at 2. But federal jurisdiction always is limited by Article III, which requires cognizable injury. *Indiana Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (federal jurisdiction depends on the "irreducible constitutional minimum of standing," which includes the requirement that "the plaintiff … suffered an injury in fact[.]"). Thus, Defendants argued in favor of federal jurisdiction to forum shop their way into federal court only to immediately reverse course by attacking whether Plaintiff has suffered a cognizable injury. This tactic is wrong and abusive of 28 U.S.C. § 1447.

The law is clear that "when a case is filed in state court and removed to federal court, and when the federal court finds that it lacks subject-matter jurisdiction, the appropriate disposition … is a remand to state court, not a dismissal." *Abbas v. RBS Citizens Nat'l Ass'n.*, No. 11 C 8379, 2012 WL 1932690, at *5 (N.D. Ill. May 29, 2012) (citing *Dempsey v. JP Morgan Chase, N.A.*,

272 F. Appx. 499, 502 (7th Cir. 2008)). Controlling Seventh Circuit authority also holds that "[a] court that lacks subject matter jurisdiction cannot dismiss a case with prejudice." *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) (citing *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004)); *see also Santana v. Take-Two Interactive Software, Inc.*, No. 17-303, 2017 WL 5592589, at *4 (2d Cir. Nov. 21, 2017) (summary order) (remanding to the district court with instructions to dismiss the BIPA claim *without* prejudice "because the court is without subject matter jurisdiction").

Defendants' suggestion that CAFA relieves them of the burden of proving standing is nonsensical. CAFA is a federal statute like any other, and "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Rained v. Byrd*, 521 U.S. 811, 820 n.3 (1997)). Simply put, "[i]f the plaintiff lacks standing, the federal court lacks subject matter jurisdiction[.]" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). Now that an element of subject-matter jurisdiction has been called into question, Defendants, as the party invoking federal jurisdiction, must carry their burden to prove its existence if they want to keep their case in federal court. *Hart v. FedEx Ground Package Systems, Inc.*, 457 F.3d 675, 682 (7th Cir. 2006); 28 U.S.C. § 1447(c). If Defendants refuse or fail to meet ***their*** burden, this case must be remanded for lack of jurisdiction. *Schur*, 577 F.3d at 758; *Barnes*, Case No. 17-cv-07358, Dkt. No. 39, at 6; *Mocek*, 220 F. Supp. 3d at 913.

When recently confronted with the same procedural abuse, Judge Bucklo held that remand with payment of fees, not dismissal, was the proper relief. In *Mocek*, the defendant removed the plaintiff's class action case under the Fair and Accurate Credit Transactions Act from Illinois state court only to subsequently file a motion to dismiss under Rule 12(b)(1), asserting that the plaintiff lacked Article III standing and seeking dismissal with prejudice. 220 F. Supp. 3d at 911. The

4

plaintiff sought remand back to state court pursuant to 28 U.S.C. § 1447(c). *Id*. Judge Bucklo granted the plaintiff's motion, noting that the jurisdictional issue was "easily and readily resolved based on the parties' post-removal agreement that federal jurisdiction is lacking." *Id*. at 912. As in *Mocek*, neither party here appears to be arguing in favor of federal jurisdiction and, therefore, remand is required under 28 U.S.C. § 1447(c). *Id*., *citing Black v. Main St. Acquisition Corp.*, No. 11-cv-0577, 2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013).

Likewise, in *Barnes v. Aryzta, LLC*, Judge Durkin adopted Judge Bucklo's reasoning in *Mocek* and remanded a BIPA case to state court after the defendant removed it to federal court and then immediately challenged the plaintiff's Article III constitutional standing. Case No. 17-cv-07358, Dkt. No. 39, at 9 (attached hereto as Exhibit 1). In *Barnes*, the Court remanded the case even though the defendant withdrew its motion challenging Article III standing and instead filed a motion to dismiss challenging only statutory standing. *Id*. at 6-7. The Court rejected this move as a "ploy to avoid being forced out of federal court." *Id*. at 8.

Because no party would advocate for the existence of subject-matter jurisdiction, both the *Mocek* and the *Barnes* courts correctly declined to resolve the complicated question of whether the plaintiff's injury was in fact sufficient under Article III. Plaintiff originally filed her case in Illinois state court in part because of the lack of uniformity in jurisprudence regarding Article III standing and BIPA. *Compare McCollough v. Smarte Carte, Inc.*, No. 16 C 03777, 2016 WL 4077108, at *5 (N.D. Ill. Aug. 1, 2016) (dismissing BIPA claim with prejudice for lack of Article III standing but dismissing **without** prejudice as to any claim plaintiff could assert in state court) *with Monroy v. Shutterfly, Inc.*, No. 16 C 10984, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) (finding BIPA plaintiff had Article III standing). Now that Defendants have removed this case, Plaintiff will not carry their burden of establishing federal jurisdiction for them. Nor is it this Court's job

to advocate in favor of keeping this case on its docket. *See Schur*, 577 F.3d at 758 (any doubts about a federal court's jurisdiction are resolved in favor of remand); *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 426 (7th Cir. 2010) (remanding where plaintiff failed to establish federal jurisdiction and noting that the court would not make the plaintiff's jurisdictional arguments for her); *Mocek*, 220 F. Supp. 3d at 914 ("In short, with no party willing to overcome the presumption against federal jurisdiction remand is appropriate on any analysis"). Because Defendants have disclaimed subject-matter jurisdiction by asserting that Plaintiff did not suffer a cognizable injury, remand is required pursuant to 28 U.S.C. § 1447(c).

### B. Plaintiff Should Be Awarded Fees And Costs Incurred As A Result Of Removal.

Defendants knew, or should have known, based on controlling Seventh Circuit authority and cases like *Mocek* and *Barnes* that their jurisdictional about-face was untenable, and that remand back to state court – as opposed to dismissal with prejudice – was the only outcome of such an improper removal. Defendants' conduct warrants the payment of Plaintiff's attorneys' fees and costs incurred under both 28 U.S.C. § 1447(c) and 28 U.S.C. § 1927.

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Upon remand, the court may award fees where (1) the defendant "lacked an objectively reasonable basis for seeking removal," or (2) in "unusual circumstances." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). One of the purposes of awarding fees under section 1447(c) is "reduc[ing] the attractiveness of removal as a method of delaying litigation and imposing costs on the plaintiff." *Id*. at 140.

Defendants here lacked an objectively reasonable basis for removal, knowing that the position they intended to take would be that Plaintiff has not suffered a cognizable injury sufficient

6

to satisfy Article III. Where a defendant refuses to carry its burden upon removal – and actively undermines it – an award of fees is appropriate. *Mocek*. 220 F. Supp. 3d at 914-15 (awarding $58,112.50 in fees pursuant to section 1447(c)); *see also* Ex. 1 at 9 (remanding and awarding fees and costs for the same reasons articulated in *Mocek*); *DC Liquidators, LLC v. Warehouse Equip. Specialists, LLC*, No. 14 C 7222, 2015 WL 1502945, at *3 (N.D. Ill. Mar. 27, 2015) (Kennelly, J.) (awarding $11,596.39 in fees and costs under section 1447(c)); *Janis v. Workhorse Custom Chassis, LLC*, 891 F. Supp. 2d 970, 975-76 (N.D. Ill. 2012) (Bucklo, J.) (awarding fees and costs where the defendant had the burden of showing removability and failed to meet its burden); *F.H. Paschen, SN Nielsen & Assocs. v. Gillen*, No. 12 C 179, 2012 WL 130125, at *4 (N.D. Ill. Jan. 17, 2012) (St. Eve, J.) (awarding fees where "Defendant's baseless removal of this action has resulted in a waste of time and … a waste of judicial resources"); *TCF Nat'l Bank v. W & A Bldg., LLC*, No. 10 C 3096, 2010 WL 4791454, at **3-4 (N.D. Ill. Nov. 17, 2010) (Dow, J.) (awarding fees and costs where defendant failed to affirmatively demonstrate why jurisdiction was present in federal court); *Ocwen Loan Serv., LLC v. Ghiselin*, No. 16-cv-1141, 2016 WL 8677311, at *4 (C.D. Ill. July 25, 2016) (McDade, J.) (granting reasonable attorneys' fees when defendant lacked an objectively reasonable basis for removing the case).

In addition, 28 U.S.C. § 1927 provides for the payment of "excess costs, expenses, and attorneys' fees reasonably incurred" because of an attorney's unreasonable and vexatious conduct. The Seventh Circuit has interpreted "unreasonable and vexatious" conduct to include action "that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). Improper removal has been held to be unreasonable and vexatious conduct under this standard. *See Mendez v. Plastofilm Indus., Inc.*, No. 91 C 8172, 1992 WL 80969, at *5 (N.D. Ill. Apr. 15, 1992) (Kocoras, J.) (granting fees under section 1927

7

when removal to federal court was "obviously unsound under existing law"). Accordingly, as Defendants refuse to bear the burden of establishing federal jurisdiction, they should bear the costs of their improper removal.

### C. Defendants' Motions To Dismiss Should Be Denied As Moot.

While Defendants have styled their motions to dismiss as arising under Rule 12(b)(6), subject-matter jurisdiction "is a threshold question in every federal case." *U.S. v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616 (7th Cir. 2015) (internal quotations omitted). If the Court determines that Defendants have failed to establish this Court's subject-matter jurisdiction, it cannot address Defendants' statutory arguments under Rule 12(b)(6) because so-called "statutory standing" is a merits issue. *See Jordan v. Jewel Food Stores, Inc.*, No. 10 C 340, 2015 WL 3561493, at *2 (N.D. Ill. June 5, 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 n.4 (2014)); *see also In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008) ("jurisdiction 'is vital…if the court proposes to issue a judgment on the merits") (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)); *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) ("It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits…"). Because Defendants have declined to shoulder their burden of proving that the Court has jurisdiction, the case should be remanded to state court and Defendants' motions to dismiss must be denied as moot.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) remand this case to the Circuit Court of Cook County; (2) award Plaintiff his fees and costs incurred as a result

of Defendants' improper removal of this case; (3) deny Defendants' motions to dismiss as moot; and (4) grant any such further relief as the Court deems reasonable and just.

Date:   January 31, 2018                                Respectfully Submitted,

*/s/ Haley R. Jenkins*
Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601
312.233.1550
312.233.1560 *f*
hjenkins@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  I, the attorney, hereby certify that on January 31, 2018, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

                    */s/Haley R. Jenkins*