**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA DIXON, individually, and on behalf** | **)** | |
| **of all others similarly situated,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **Case No. 1:17-cv-08033** |
| **v.** | **)** | |
| | **)** | **Hon. Matthew F. Kennelly** |
| **THE WASHINGTON & JANE SMITH HOME,** | **)** | |
| *et al.*, | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**PLAINTIFF'S UNOPPOSED MOTION FOR
<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

**CLASS COUNSEL**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................ iii

INTRODUCTION ........................................................................................................1

I.     FACTUAL AND PROCEDURAL BACKGROUND ...........................................4

II.    SUMMARY OF THE SETTLEMENT TERMS

    A.     The Settlement Fund ..........................................................................6

    B.     Eligible Class Members ......................................................................6

    C.     Releases ................................................................................................7

    D.     Allocation ..............................................................................................7

    E.     Service Payment, Attorneys' Fees, and Settlement Administration Expenses ........8

    F.     Settlement Administration .................................................................8

    G.     Objections and Opt-Outs ...................................................................9

III.   THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23 .....9

IV.   THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE IT IS A FAIR, REASONABLE, AND ADEQUATE RESOLUTION OF A BONA FIDE DISPUTE OVER PLAINTIFFS' CLAIMS ........................................................10

    A.     The Settlement Is Fair, Reasonable, and Adequate .............................10

        1.     The Settlement amount is substantial given the strengths of Plaintiffs' claims and attendant risks (First Factor) ...................................11

        2.     Litigation through trial and appeals would be complex, costly, and long (Second Factor) .........................................................13

        3.     The reaction of the class has been positive (Third Factor) ........................15

        4.     Competent counsel for all parties endorse this agreement (Fourth Factor) ................................................................................15

        5.     Discovery has advanced far enough to allow the parties to resolve the case responsibly (Fifth Factor) .........................................16

    B.     Approval of the Release of Class BIPA Claims is Appropriate ...........16

CONCLUSION.................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
  2012 WL 651727 (N.D. Ill. Feb. 28, 2012)..................................................11, 12

*Armstrong*,
  616 F.2d......................................................................................................16

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*,
  100 F.3d 1041 (1st Cir. 1996)........................................................................16

*Donovan v. Estate of Fitzsimmons*,
  778 F.2d 298 (7th Cir. 1985)..........................................................................15

*EEOC v. Hiram Walker & Sons, Inc.*,
  768 F.2d 884 (7th Cir. 1985).............................................................12, 13, 14

*Eubank v. Pella Corp.*,
  753 F.3d 718 (7th Cir. 2014)..........................................................................12

*Gautreaux*,
  690 F.2d......................................................................................................16

*Hispanics United of DuPage County v. Village of Addison, Illinois*,
  988 F. Supp. 1130 (N.D. Ill. 1997) .................................................................16

*In re Mexico Money Transfer Litig.*,
  164 F. Supp. 2d 1002 (N.D. Ill. 2000) ............................................................15

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996).....................................................................Passim

*Lukas v. Advocate Health Care Network and Subsidiaries*,
  2015 WL 5006019 (N.D. Ill. Aug. 19, 2015)...................................................16

*Mirfasihi v. Fleet Mortgage Corp.*,
  356 F.3d 781 (7th Cir. 2004)..........................................................................12

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982)..........................................................................13

*Patterson v. Stovall*,
  528 F.2d 108 (7th Cir. 1976)..........................................................................11

*Pearson v. NBTY, Inc.*,
  772 F.3d 778 (7th Cir. 2014)..........................................................................16

*Reynolds v. Beneficial Nat'l Bank*,
  288 F.3d 277 (7th Cir. 2002)..........................................................................15

*Roberts v. Apple Sauce, Inc.*,
  2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ................................................18

*Seiden v. Nicholson*,
  72 F.R.D. 201 (N.D. Ill. 1976) .......................................................................15

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
  463 F.3d 646 (7th Cir. 2006)..........................................................................12

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005).............................................................................11

*Williams v. Quinn*,

748 F. Supp. 2d 892 (N.D. Ill. 2010) ...................................................................................... 13

**Statutes**

735 ILCS 5/13-205 ..................................................................................................................... 14
735 ILCS 5/13-202 ..................................................................................................................... 14
735 ILCS 5/13-201 ..................................................................................................................... 14
740 ILCS 14/1 .............................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 23 (c)(2)(B) ............................................................................................... 10, 11
Rule 23 ......................................................................................................................... 11, 13, 15
Rule 23(e) ..................................................................................................................................... 11

**Other Authorities**

*Newberg* §11.41 at 11-88 ............................................................................................................ 16

## INTRODUCTION

Plaintiff and Class Representative Cynthia Dixon ("Named Plaintiff"), individually and on behalf of a class of 1,378 other employees certified for settlement purposes (collectively, "Plaintiffs" or "Class Members") and Defendants the Washington & Jane Smith Home, d/b/a Smith Senior Living, Washington & Jane Smith Community – Chicago, Washington & Jane Smith Community – Beverly, d/b/a Smith Village, Washington & Jane Smith Community – Orland Park, d/b/a Smith Crossing, Smith Cares, LLC[1], Kevin McGee, and Marti Jatis (collectively referred to herein as "Smith") and Kronos Incorporated ("Kronos") (Smith and Kronos are collectively referred to herein as "Defendants"), by and through undersigned counsel, moves for final approval of the Parties' settlement of Plaintiffs' under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, common law negligence, and individual wage and retaliation claims against Smith, Kevin McGee, and Marti Jatis. The Parties' settlement of this Rule 23 class action is fair, reasonable, and adequate under the governing legal standards and satisfies all of the criteria for final approval. Plaintiff respectfully requests the Court: (1) grant final approval of the Class Action Settlement Agreement ("Settlement Agreement"), attached as Exhibit A, including the releases of claims as set forth therein; and (2) enter the Proposed Final Approval Order and Final Judgment, attached as Exhibit B.

On June 5, 2019, the Court took the first step in the settlement approval process by preliminary approving the Parties' Class Action Settlement; certifying the proposed "Settlement Class" (as defined below) pursuant to Rule 23; appointing the attorneys from Stephan Zouras, LLP as Class Counsel; appointing Rust Consulting ("Settlement Administrator") as Settlement Administrator; appointing Named Plaintiff Cynthia Dixon as Class Representative; directing that

---

[1] Smith Cares, LLC is not a named defendant in the Litigation.

the Settlement Administrator mail notice to the Class members; and setting a date for the Final Approval Hearing. (D.E. 94).

Class Members have been notified of the terms of the settlement, including the monetary relief, the allocation formula, and their right to participate in, object to, or opt out of the settlement. Exhibit C, Decl. of Sara Schwermer-Sween for Rust Consulting, Inc. ("Admin. Decl.") ¶¶ 8-12; *see also* Ex. A to Admin. Decl. ("Class Notice"). To date, no Class Members have objected to the settlement and only one opted out of the settlement. Ex. C, Admin. Decl. ¶¶ 11-12; Exhibit D, Decl. of Ryan F. Stephan ("Stephan Decl.") ¶ 17. With such overwhelming support for the settlement and for the reasons stated below, the Court should grant final approval.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

As set forth in greater detail in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (D.E. 79), Named Plaintiff Cynthia Dixon filed the above-captioned class action in the Circuit Court of Cook County on September 28, 2017, alleging that Smith utilizes Kronos biometric timekeeping devices at its facilities in Illinois and requires its employees to use the devices when clocking into and out of work. On November 6, 2017, Kronos removed this action to the United States District Court for the Northern District of Illinois, where it was assigned to and remains pending before the Honorable Matthew F. Kennelly. On December 11, 2017, Defendants each filed separate Motions to Dismiss which were denied in part and granted in part on May 31, 2018. Plaintiff filed the operative First Amended Complaint on June 14, 2018.

Plaintiff's First Amended Complaint further alleged that Smith disseminated employees' biometric data to at least one third party, Kronos, without their consent. Plaintiff alleged that both Smith and Kronos failed to comply with BIPA by: (1) failing to inform individuals in writing that they will be capturing, collecting, storing, using, and disseminating biometric data (*i.e.*, statutorily-

defined biometric identifiers and/or information) prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to publish a publicly available retention schedule and guidelines for permanently destroying biometric data. Smith and Kronos deny, among other things, that they are subject to or have violated BIPA, that the timekeeping devices collect, store, use, or retain "biometric identifiers" or "biometric information" as defined by BIPA and that either of them has disseminated or received any such biometric data.

On December 19, 2018, Counsel for all Parties participated in an all-day mediation at JAMS in Chicago, Illinois, with Judge Stuart Palmer (Ret.), who possesses significant expertise in class settlements. The Parties continued to have settlement discussions through Judge Palmer, culminating in another partial-day mediation session at JAMS on March 7, 2019. After these arms-length negotiations, the Parties were able to reach an agreement in principle to resolve the case, which was memorialized in a Memorandum of Understanding. Following formal mediation, the Parties continued to expend significant further effort negotiating specific terms of settlement, including the form of notice provided to Class Members, the scope of the release, and settlement benefits.

On May 9, 2019, Plaintiff filed the Unopposed Motion for Preliminary Approval requesting, among other relief, that the Court grant preliminary approval of the Settlement Agreement and certify a Rule 23 class for settlement purposes. (D.E. 79). On May 14, 2019, the Court granted Preliminary Approval of the Settlement Agreement. (D.E. 83). On May 17, 2019, counsel for the Smith Defendants informed Class Counsel that there had been an error in determining the class size. Specifically, 309 individuals had been included in the putative class

that should not have been. The Parties subsequently worked together to renegotiate the terms of the Settlement Agreement and filed a Motion for Leave to Amend the Settlement Agreement on June 4, 2019. (D.E. 91). The Court granted Preliminary Approval of the amended Settlement Agreement on June 5, 2019; certified the Settlement Class; appointed Stephan Zouras, LLP as Class Counsel; appointed the Named Plaintiff as Class Representative; directed that notice be mailed; and set a date for a final approval hearing. (D.E. 94).

## II.     SUMMARY OF THE SETTLEMENT TERMS

The terms of this settlement are contained in the Settlement Agreement. There are no undisclosed side agreements between the Named Plaintiff and Defendants. Ex. D, Stephan Decl. ¶ 15.

### A.     The Settlement Fund

Per the terms of the Amended Settlement Agreement, Smith or their insurers shall pay to the Settlement Administrator the total sum of One Million Three Hundred and Fifty-Six Thousand Dollars ($1,356,000.00) to create a non-reversionary Settlement Fund. Ex. A ¶ 44(a). The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($10,000.00); (iii) Plaintiff's individual claims against Smith ($30,000.00); (iv) the Fee Award (not to exceed thirty-three percent (33%) of the Settlement Fund); and (v) the Administrative Expenses (not to exceed $20,000.00). *Id*. ¶ 4(d). All unclaimed funds will remain with Smith or their insurers. *Id*. ¶ 51(h).

### B.     Eligible Class Members

Class Members who are eligible to receive a settlement payment are all individuals who worked for, or are currently working for, the Washington & Jane Smith Home, d/b/a Smith Senior Living, Washington & Jane Smith Community – Chicago, Washington & Jane Smith Community

– Beverly, d/b/a Smith Village, Washington & Jane Smith Community – Orland Park, d/b/a Smith Crossing, and/or Smith Cares, LLC in the State of Illinois who had their finger scanned and/or fingerprint captured and/or associated biometric data scanned, captured, possessed, obtained, converted, shared, taken, transmitted, collected, used, stored, disclosed, re-disclosed, or disseminated by the Biometric Timekeeping System at a Smith facility within the State of Illinois between September 28, 2012 and June 5, 2019 without providing their written consent prior to the initial scan or capture of their finger scan, fingerprint, or other biometric data. Ex. A ¶ 40. Class Members did not have to submit a claim form or otherwise "opt in" to participate in the settlement. *Id*. ¶ 47.

### C.   Releases

Class Members who did not timely submit requests for exclusion release any and all claims from September 28, 2012 to the date of Final Approval against Releasees (as defined in the Settlement Agreement) relating to or connected with the alleged non-compliance with BIPA, as alleged in the First Amended Complaint. Ex. A ¶ 33(a). In addition, Named Plaintiff releases any and all claims from the beginning of time to the date of the Final Approval, that the Plaintiff may have or has ever had against the Smith Releasees (as defined in the Settlement Agreement). *Id*. ¶ 33(b).

### D.   Allocation

The allocation of the gross amount of the Settlement Fund to be paid to Settlement Class Members of One Million Three Hundred and Twenty-Six Thousand Dollars ($1,326,000.00) will be allocated as follows:

Each Class Member employed by Smith from September 28, 2015 to the date of Preliminary Approval of the Amended Settlement Agreement who does not timely and validly opt

out of the Settlement shall receive a check equal to the gross amount of $1,085.00, less Administrative Expenses paid to the Settlement Administrator, the Service Award to the Named Plaintiff, and a Fee Award to Class Counsel. Ex. A ¶ 45, 51(a). The total number of Class Members in this group is 837. Ex. C, Admin. Decl. ¶ 13(i). Each Class Member employed by Smith from September 28, 2012 to September 27, 2015 who does not timely and validly opt out of the Settlement shall receive a check equal to the gross amount of $768.12, less Administrative Expenses paid to the Settlement Administrator, the Service Award to the Named Plaintiff and a Fee Award to Class Counsel. *Id.* ¶ 46, 51(b). The total number of Class Members in this group is 541. Ex. C, Admin. Decl. ¶ 13(ii).

### E.    Service Payment, Attorneys' Fees, and Settlement Administration Expenses

Contemporaneous with this Motion, Plaintiffs will apply for Court approval, and Defendants will not oppose, distribution of a Service Payment to the Named Plaintiff, paid out of the Settlement Fund, of $10,000.00. Ex. A ¶¶ 44(d), 76. In addition, Class Counsel will petition the Court, unopposed, for approval of an award of attorneys' fees and costs of $33^{1}/_{3}$% of the Settlement Fund (or $451,548.00), costs and expenses not to exceed $15,000.00, and an additional amount not to exceed $20,000.00 as reimbursement for settlement administration expenses. *Id.* ¶¶ 10, 73. Class Counsel submits, and Defendants do not dispute, that these sums are fair and reasonable in light of all the facts and circumstances, including the past and anticipated future time spent by Class Counsel, their hourly rates, the risks undertaken, and the results achieved.

### F.    Settlement Administration

On June 19, 2019, the Settlement Administrator mailed the Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice") to 1,379 Class Members. Ex. C, Admin. Decl. ¶ 8. After the Class Notice was mailed, the Settlement Administrator received 95 Class Notices returned by

USPS with undeliverable addresses. *Id*. ¶ 9. The Settlement Administrator performed 95 address traces on Class Notices returned as undeliverable for the first time as of August 5, 2019. *Id*. The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current address. *Id*. Of the 95 traces performed, 85 more current addresses were obtained and Class Notices were promptly re-mailed to those Class Members via First Class mail. *Id*. Of the 95 traces performed, the Settlement Administrator did not obtain updated addresses for 10 undeliverable Class Notices. *Id*. Of the 85 Class Notices mailed to a more current address identified from trace, eight (8) Class Notices were returned to the Settlement Administrator as undeliverable a second time. *Id*. As of this date, 18 Class Notices remain undeliverable. *Id*. Six (6) Class Notices were returned by USPS with forwarding addresses attached as of August 5, 2019. *Id*. ¶ 10. The Settlement Administrator promptly re-mailed Class Notices to those Class Members via First Class mail. *Id*.

### G.    Objections and Opt-Outs

The deadline to opt out of the settlement was August 5, 2019. Ex. C, Admin. Decl. ¶ 8. This deadline has now passed. Only one Class Member requested exclusion from the settlement, and no class member objected to the settlement. *Id*. ¶¶ 11-12.

## III.    THE PARTIES HAVE SATISFIED THE NOTICE REQUREMENTS OF RULE 23

Under Rule 23(c)(2)(B), notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23 (c)(2)(B).

As set forth in Section II.F above, the Parties' effort to effectuate notice by mail to the Class Members meets the requirements of Rule 23(c)(2)(B).

## IV. THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE IT IS A FAIR, REASONABLE, AND ADEQUATE RESOLUTION OF A BONA FIDE DISPUTE OVER PLAINTIFFS' CLAIMS.

Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable and adequate. Fed. R. Civ. P. 23(e). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012). "In reviewing a proposed settlement, the court should consider the judgment of counsel and the presence of good faith bargaining." *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir. 1976), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Courts examine the fairness, reasonableness and adequacy of a settlement in light of the "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotation marks and citation omitted); *see Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation.").

As set forth in detail below, the proposed settlement is fair, reasonable and adequate under Rule 23(e) and is a fair and reasonable resolution of a bona fide dispute over the provisions of BIPA and, thus, should be approved.

### A. The Settlement Is Fair, Reasonable and Adequate.

To approve a proposed settlement of a class action under Rule 23, a court's review of a settlement agreement is "limited to the consideration of whether the proposed settlement is lawful,

fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196 (citations omitted); *see also EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985) ("*Hiram Walker*"). The Court's task is to evaluate "the general principles governing approval of class action settlements" and not the "substantive law governing the claims asserted in the litigation." *Isby*, 75 F.3d at 1197 (citation omitted).

However, courts must "give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014) (citing *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)). Courts consider five factors: (1) the strength of Plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and discovery completed. *Am. Int'l Grp., Inc.*, 2012 WL 651727 at *2 (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). A court must view the settlement in its entirety, rather than focus on an individual component. *Isby*, 75 F.3d at 1199.

### 1. The Settlement Amount Is Substantial Given the Strengths of Plaintiffs' Claims and Attendant Risks (First Factor).

Defendants agreed to settle this case for a maximum of $1,356,000.00 for a class of 1,378 Class Members. Ex. A ¶¶ 4, 44(a). The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($10,000.00); (iii) Plaintiff's individual claims against Smith ($30,000.00); (iv) the Fee Award (not to exceed thirty-three percent (33%) of the Settlement Fund);[2] and (v) the Administrative Expenses (not to exceed

---

[2] As a result of the revised agreement, Plaintiffs' counsel is receiving less in total attorney's fees from $511,500 to $451,548.

$20,000.00). *Id*. ¶ 44(d). This is a substantial settlement that represents significant value, particularly given the attendant risks of litigating the merits of the case through Rule 23 class certification, potential decertification proceedings, summary judgment practice and/or trial, and any appeals of decisions on those matters. Ex. D, Stephan Decl. ¶ 19.

This settlement provides much more than "a fraction of the potential recovery." *Cf. Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair."). Depending on whether Defendants' conduct is deemed negligent, reckless, or intentional, the gross settlement amount distributed directly to Class Members in the two-year statute of limitations period exceeds 100% of recovery for one violation under BIPA and constitutes over 70% of recovery for one violation on behalf of Class Members in the three- to five-year statute of limitations period. Ex. D, Stephan Decl. ¶ 18. This is well within the range of reasonable recovery for the class and represents significant value given the attendant risks of litigation. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is reasonable.

In evaluating the strength of a plaintiff's case on the merits balanced against the proposed settlement, courts refrain from reaching conclusions on issues which have not been fully litigated. *Williams v. Quinn*, 748 F. Supp. 2d 892, 897 (N.D. Ill. 2010) (noting "[t]he purpose of a fairness hearing is not to resolve the merits of the case, but to determine whether the settlement is fair, reasonable, and adequate when viewed in its entirety") Because "[t]he essence of settlement is compromise," *Hiram Walker*, 768 F.2d at 889, courts should not reject a settlement "solely because it does not provide a complete victory to the Plaintiff." *Isby*, 75 F.3d at 1200. Parties to a settlement benefit by immediately resolving the litigation and receiving "some measure of vindication for

[their] position[s] while foregoing the opportunity to achieve an unmitigated victory. Thus, the parties to a settlement will not be heard to complain that the relief afforded is substantially less than what they would have received from a successful resolution after trial." *Hiram Walker*, 768 F.2d at 889 (internal citations omitted).

The outcome of this litigation is far from certain. On liability, Plaintiffs would have to overcome Defendants' defenses including but not limited to whether the Biometric Timekeeping System is subject to BIPA; whether Smith employees who are members of a union are proper class members; whether the supplier of the Biometric Timekeeping Device may be sued under BIPA and/or owes any statutory or common law duties to a customer's employees; whether BIPA is subject to a five-year statute of limitations for actions where no other limitation is provided (*see* 735 ILCS 5/13-205), a two-year statute of limitations to recover damages for injury to person or for a statutory penalty (*see* 735 ILCS 5/13-202), or a one-year statute of limitations for publication of matter violating a right of privacy (*see* 735 ILCS 5/13-201);[3] and whether any alleged non-compliance with BIPA was negligent, intentional, or reckless to warrant statutory liquidated damages.

The proposed Settlement ensures that Class Members will receive a settlement amount that is reasonable and consistent with the established facts as applied to the governing law. In light of the substantial recovery this settlement provides and the attendant risks of litigation, this factor weighs in favor of final approval.

> **2.     Litigation Through Trial and Appeals Would Be Complex, Costly, and Long (Second Factor).**

The second factor to be considered is the complexity, length, and expense of litigation that

---

[3] The applicable statute of limitations had not yet been ruled upon by any Court at the time the Parties settled this matter.

15

will be avoided by the proposed settlement. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000). By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class. "[A]n integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985). Although Class Counsel believes Plaintiffs' case is strong, it is subject to considerable risks and costs if the case is not settled.

Continued litigation carries with it a decrease in the time value of money, for "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002); *see also Fitzsimmons*, 778 F.2d at 309 n.3; *Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of time, money and effort."). The proposed settlement provides immediate benefits.

If litigation were to continue, extensive class discovery would be required to establish liability and damages. Here, further litigation would certainly result in dozens of depositions, a fully briefed motion for Rule 23 class certification, potential decertification proceedings, and summary judgment practice on liability, and would prolong the risk, time, and expense associated with a complex trial, or trials, for damages. Any judgment would likely be appealed, further extending the litigation. These costs of further litigation are considerable in terms of both time and money but would not reduce the risks that litigation holds for the class. *See Isby*, 75 F.3d at 1199. Under these circumstances, the benefits of a guaranteed recovery today as opposed to an uncertain result in the future, are readily apparent. This factor therefore weighs in favor of final approval.

### 3. The Reaction of the Class Has Been Positive (Third Factor).

The absence of objections by Class Members is significant in determining whether the proposed settlement is reasonable to the class as a whole. *See Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1166, 1169 (N.D. Ill. 1997) ("the court may approve a fair settlement over objections by some or even many Class Members"). Here, no class members objected to the settlement and only one has requested exclusion. Ex. C, Admin Decl. ¶¶ 11-12. Thus, this factor also favors approval of the settlement.

### 4. Competent Counsel for All Parties Endorse this Agreement (Fourth Factor).

Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux*, 690 F.2d at 634 (quoting *Armstrong*, 616 F.2d at 325); *see also Isby*, 75 F.3d at 1200. However, they cannot rely solely on that opinion, *see Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014). Importantly, here, there is no indication that the proposed Settlement Agreement is the result of collusion. *See Isby*, 75 F.3d at 1200. The settlement was reached after intense negotiation with the dedicated assistance and oversight of an experienced and well-respected private mediator, the Honorable Stuart Palmer (Ret.).

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." *Newberg* §11.41 at 11-88; *see also City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). Class Counsel are competent and experienced in class actions, particularly wage and hour class actions of exactly this kind, and are familiar with the strengths and weaknesses of the claims and defenses. *See* Ex. D, Zouras Decl. ¶¶ 4-5, 14; *see also, e.g., Lukas v. Advocate Health Care Network and Subsidiaries*, No. 14 Civ. 2740, 2015 WL 5006019 (N.D. Ill. Aug. 19, 2015). Using that litigation experience and their intimate knowledge of the facts of the case and

the legal issues facing the Class Members, Class Counsel were capable of making, and did make, well informed judgments about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the settlement. Ex. D, Stephan Decl. ¶ 19. Defendants' counsel also agree this settlement is fair and reasonable, as evidenced by their execution of the Settlement Agreement. This factor therefore weighs in favor of final approval.

### 5. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (Fifth Factor).

This complex class action was resolved approximately a year and a half after it was initiated. This period, along with time spent pre-litigation, involved research into BIPA and the rapidly evolving case law in this area, analysis of the strength and weaknesses of Plaintiff's claims and Defendants' defenses, including consultations with undisclosed experts, investigation into Defendants' policies and practices regarding the collection, capture, storage, use, and dissemination of biometric data, the exchange of voluminous written discovery, scheduling and preparing for approximately eight depositions, taking one deposition of Named Defendant Kevin McGee, and defending Plaintiff's full-day deposition, among other things. *See* Ex. D, Stephan Decl. ¶ 11. The stage of litigation has advanced to a state that Class Counsel could fairly and fully evaluate the value of the settlement. *Id.* at ¶ 19. Given the significant amount of time and resources spent by the Parties exchanging information and advancing settlement negotiations, this fifth, and final, factor favors final approval of the settlement.

### B. Approval of the Release of Class BIPA Claims Is Appropriate.

The Parties also request that the Court specifically approve the release of Class Members' BIPA claims as defined in the Settlement Agreement. Ex. A Sec. VII. In this case, as explained above, the terms of the settlement were reached during extensive arm's-length negotiations by experienced counsel after thorough investigation, discovery, and analysis. Because the Settlement

Agreement, including Class Members' releases of their BIPA claims, resolves a bona fide dispute and was reached after vigorous arm's-length negotiations, it should be approved. *See, e.g.*, *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant her Unopposed Motion for Final Approval of Class Action Settlement and enter the Proposed Final Approval Order and Final Judgment, attached as Exhibit B.

Date:   August 12, 2019

Respectfully Submitted,

*/s/ Haley R. Jenkins*
Ryan F. Stephan
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
hjenkins@stephanzouras.com

**CLASS COUNSEL**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on August 12, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

_/s/ Haley R. Jenkins_