IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA DIXON, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) THE WASHINGTON & JANE SMITH HOME, ) *et al.*, ) ) Defendants. ) | Case No. 1:17-cv-08033<br><br>Hon. Matthew F. Kennelly |

## FINAL APPROVAL ORDER AND FINAL JUDGMENT

On August 20, 2019, the Court heard Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. The Court has considered the Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on Final Approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all capitalized terms used herein will have the same meaning as defined in the Amended Settlement Agreement and Release.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d) and § 216(b) of the Fair Labor Standards Act ("FLSA"), including jurisdiction over all members of the Settlement Class.

3. The Court finds that there is a bona fide legal dispute between the Parties as to whether Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

4. The Court grants Final Approval of the Settlement memorialized in the Amended Settlement Agreement previously filed with the Court.

5. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of Plaintiffs' case on the merits compared to the terms of the Settlement, and the complexity, length, and expense of further litigation support approval of the Settlement; (b) the Settlement Fund of $1,356,000.00 as set forth in the Amended Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Counsel for the Parties, all of whom have significant experience representing parties in complex class actions, including those involving BIPA claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6. The Court approves the Settlement as a final, fair, reasonable, adequate, and binding release of the claims of the Named Plaintiff and the Class Members as provided in the Amended Settlement Agreement.

7. The Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice") sent to the Class Members via first class mail adequately informed the Class Members of the terms of the Amended Settlement Agreement, their estimated recovery, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Class Notice also adequately informed the Class Members of the address to contact Class Counsel. Thus, the Court finds that the Class Notice provided to the Class satisfied the requirements of Rule 23(c)(2)(B).

8. This Court hereby dismisses the case in its entirety with prejudice, without awarding costs to the Parties except as provided in the Amended Settlement Agreement, and approves the Settlement and Released Claims set forth in the Amended Settlement Agreement.

9. The Court shall retain jurisdiction solely for the purpose of administering and enforcing the terms of the Amended Settlement Agreement.

10. This Order constitute a final judgment under Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: August 20, 2019

_____
Hon. Matthew F. Kennelly
United States District Court Judge